# IN THE COURT OF APPEALS OF IOWA

No. 14-0907
Filed August 19, 2015

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**DYLAN OTTO FLEMING,**
　　　　Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Mark J. Smith, Judge.

Dylan Fleming appeals his conviction of willful injury following a bench trial. **AFFIRMED.**

Ted Breckenfelder of Breckenbelder Law Firm (until suspended), Davenport, and Mark C. Smith, State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Bridget A. Chambers, Assistant Attorney General, Michael Walton, County Attorney, and Kelly Cunningham, Assistant County Attorney, for appellee.

Considered by Danilson, C.J., Doyle, J., and Sackett, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**DOYLE, J.**

In October 2013, Dylan Fleming and another man were sitting outside on the back patio of a bar located in a strip mall. As three juveniles walked by after leaving a nearby sandwich shop, the men yelled at the juveniles. Words were exchanged. The kids continued to walk away. The men got up and chased after the kids, catching up with them in a landscaped median of the shopping center's parking lot. The men tried to pick a fight with the juveniles. Ultimately, Fleming grabbed one of the juveniles, A.F., and started shaking him and began pushing him towards the curb area of the median. A.F. slipped on the curb as a pickup truck approached. Fleming looked toward the oncoming pickup and then shoved A.F. into the side of the truck. A.F.'s shoulder struck the side of the full-sized pickup with enough force to dent the truck. His leg slipped under the truck, and his ankle got caught under one of the truck's tires. The truck stopped, and the driver got out. The other juveniles yelled at the driver to move his truck because it was parked on A.F.'s ankle. The driver pulled the truck forward to free A.F.'s leg. A.F.'s leg was badly injured: his foot was twisted and a bone was sticking out of his bleeding leg. Fleming and the other man immediately fled. A.F. underwent two hours of surgery to set the compound fracture. A permanent metal plate was installed, and A.F. wore a cast for three months.

Fleming was subsequently charged by trial information with willful injury, in violation of Iowa Code sections 708.4(1), 702.18(1)(b)(2) or (3), and 703.1 (2013). To establish the crime of willful injury, the State was required to prove three elements: "(1) that there was an assault; (2) with intent to commit serious injury upon another; and (3) serious injury is in fact inflicted upon another." *See*

*State v. Hilpipre*, 395 N.W.2d 899, 902 (Iowa Ct. App. 1986) (citing Iowa Code § 708.4). A "serious injury," as defined in the charged paragraphs, is any bodily injury which causes serious permanent disfigurement or a protracted loss or impairment of bodily function. Iowa Code § 702.18(1)(b)(2), (3).

Following a bench trial, the district court found Fleming guilty as charged. The court found:

> [Fleming] was the main aggressor in the incident. . . . He grabbed [A.F.], . . . looked into the travel lane of the parking lot, saw a pickup truck coming to the area, and intentionally pushed [A.F.] into the pickup truck, specifically intending that he be seriously injured. As a result of being pushed into the pickup truck, [A.F.] was seriously injured.

Fleming now appeals the conviction. He does not dispute assaulting A.F. or that A.F. sustained a serious injury, elements one and three of willful injury. Rather, he contends there is not substantial evidence to establish beyond a reasonable doubt that he possessed the specific intent to cause A.F. a serious injury.

We review a claim that insufficient evidence supports a conviction for errors at law. *See State v. Copenhaver*, 844 N.W.2d 442, 449 (Iowa 2014). We view the record in the light most favorable to the State to determine whether the conviction is supported by substantial evidence in the record. *State v. Meyers*, 799 N.W.2d 132, 138 (Iowa 2011). Substantial evidence is that which would convince a rational factfinder of the defendant's guilt beyond a reasonable doubt. *State v. Brubaker*, 805 N.W.2d 164, 171 (Iowa 2011). If the record contains substantial evidence, the district court's findings are binding. *State v. Dewitt*, 811 N.W.2d 460, 467 (Iowa 2012). In assessing the sufficiency of the evidence, we

make all legitimate inferences that may be fairly and reasonably deduced from the evidence. *Meyers*, 799 N.W.2d at 138. We also find circumstantial evidence equally as probative as direct evidence. *Id.* Notwithstanding, the State holds the burden to prove each fact necessary to constitute the crime charged, "and the evidence presented must raise a fair inference of guilt and do more than create speculation, suspicion, or conjecture." *Brubaker*, 805 N.W.2d at 171 (internal quotation marks omitted).

"Intent is a state of mind difficult of proof by direct evidence. It may, however, be established by circumstantial evidence and by inferences reasonably to be drawn from the conduct of the defendant and from all the attendant circumstances in the light of human behavior and experience." *State v. Casady*, 491 N.W.2d 782, 787 (Iowa 1992) (citation and quotation marks omitted). The trier of fact can "infer intent from the normal consequences of one's actions." *State v. Evans*, 671 N.W.2d 720, 724-25 (Iowa 2003).

Here, Fleming pushed A.F. into an oncoming pickup truck. Furthermore, the two juveniles with the A.F. testified Fleming looked and saw the truck coming *before* he pushed A.F. into the truck. The usual or expected consequence of such an action is bodily injury—bodily injury which would cause serious permanent disfigurement or a protracted loss or impairment of bodily function, or much worse. Based upon circumstantial evidence and reasonable inferences drawn therefrom, a rational trier of fact could conclude Fleming intended to cause A.F. serious injury, which he sustained. Consequently, we affirm Fleming's conviction.

**AFFIRMED.**